IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:19-MJ-374 |
| v. | ) | |
| | ) | The Hon. Theresa C. Buchanan |
| CLARA D. O'NEAL, | ) | |
| Defendant. | ) | |
| | ) | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States respectfully requests that the Court include the following jury

instructions in its charge to the Jury. The United States also respectfully requests that the Court

include in its charge to the jury any other instructions if necessary and appropriate during the

trial of this case.


Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

By: _____/s/_____
Garland W. Rowland
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703)299-3706
Fax: (703)299-3980
Email: garland.rowland@usdoj.gov

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

**Introduction to the Final Charge – Province of the Court and of the Jury**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel will refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation

of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court, just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as a juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Criminal Information and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.01 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

## Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

### Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 11.04 (6th ed).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

### Court's Questions to Witnesses

During the course of trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11.05 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5**

**Court's Comments on Certain Evidence**

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11.06 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proven guilty beyond a reasonable doubt, say so. If the defendant is not proven guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.02 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7**

**Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case (unless made as an admission or stipulation of fact).

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the

witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts, which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience and common sense.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions,</u> § 12.03 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

### Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.04 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9**

**Inferences from the Evidence**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

### Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11**

**The Question is Not Evidence**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.08 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12**

**Consider Only the Offense Charged**

The defendant is not on trial for any act or any conduct not specifically charged in the Criminal Information.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.09 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13
### The Criminal Information is Not Evidence

A Criminal Information is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged.

The defendant, has pleaded "Not Guilty" to the Criminal Information and, therefore, denies that he is guilty of the charges.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 13.04 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14**

**"On or About"–Explained**

The Criminal Information charges that the offenses alleged in Count One through Count Four were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Criminal Information, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 13.05 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

## Statement or Conduct of a Defendant – Single Defendant on Trial

Evidence relating to any alleged statement, confession, or admission, or act or omission alleged to have been made, or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession, or admission, or act or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made, or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation as shown by all of the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession or admission, or act or omission was made, or done knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 14.03 (6th ed.).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16**

**Number of Witnesses Called is Not Controlling**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 14.16 (6th ed. ).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

### Credibility of Witnesses–Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of

importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions,</u> § 15.01 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

### Credibility of Witnesses–Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning an important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.06 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

## Credibility of Witnesses–The Defendant as a Witness

You should judge the testimony of defendant, Clara D. O'neal, in the same manner as you judge the testimony of any other witness in this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15.12 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

## Effect of the Defendant's Decision Not to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that defendant, Clara D. O'neal, did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed.).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

### Presumption of Innocence

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the Criminal Information, begins the trial with a "clean slate"–with no evidence against her. The Criminal Information, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the Criminal Information. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant committed each and every element of the offenses charged in the Criminal Information, you must find the defendant not guilty of the offenses.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions, § 12:10 (6th ed.) (definition of "reasonable doubt" and "two-inference instruction" omitted to conform with Fourth Circuit law); *see United States v. Blankenship*, No. 16-4193, 2017 WL 218868, at *12 (4th Cir. Jan. 19, 2017); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Reives*, 15 F.3d 42 (4th Cir. 1994); *United States v. Oriakhi*, 57 F.3d 1290 (4th Cir. 1995).)

**The Nature of the Offense Charged – Count One**

**(Obstruction of Justice)**

Count One of the Criminal Information charges that: On or about July 8, 2019, at Marine Corps Base, Quantico, Virginia, within the special maritime and territorial jurisdiction of the United States in the Eastern District of Virginia, the defendant, Clara D O'neal, did knowingly and unlawfully obstruct a law enforcement officer in the performance of his duties as such and failed and refused without just cause to cease obstruction when requested to do so by a law enforcement officer.

(Violation of Title 18, United States Code, Section 13, assimilating Virginia Code, Sections 18.2-460 1950, as amended)

**Obstruction of Justice –  Elements**

The government must prove beyond a reasonable doubt each of the following four elements in order to find the defendant guilty of the offense charged in Count One of the Criminal Information:

(1) That the defendant by force,

(2) Knowingly attempted to impede a law enforcement officer,

(3) While the law enforcement officer was lawfully engaged in duties as a law enforcement officer.

(4)That such conduct occurred in the special maritime and territorial jurisdiction of the United States.

(Adapted from 1-18 Virginia Model Jury Instructions - Criminal Instruction No. 21.100 (2018).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24

## "Special maritime and territorial jurisdiction of the United States" – Defined

The term "special maritime and territorial jurisdiction of the United States" includes any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

(Title 18 United States Code, Section 7(3).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25

## The Nature of the Offense Charged – Count Two

### (Simple Assault of Law Enforcement Officer)

Count Two of the Criminal Information charges that: On or about July 8, 2019, at Marine Corps Base, Quantico, Virginia, within the special maritime and territorial jurisdiction of the United States in the Eastern District of Virginia, the defendant, Clara D O'neal, did forcibly assault, resist, oppose, impede, intimidate and interfere with a law enforcement officers while engaged in and on account of the performance of official duties.

(Violation of Title 18, United States Code, Section111(a)(1))

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26

## Simple Assault of Law Enforcement Officer-Elements

The government must prove beyond a reasonable doubt each of the following six elements in order to find the defendant guilty of the offense charged in Count Two of the Criminal Information:

(1) The defendant forcibly assaulted Officer Gregory Sloane

(2) At the time of this forcible assault Officer Gregory Sloane was an officer or an employee of the United States;

(3)Officer Gregory Sloane was engaged in official duties at the time of the assault; and

(4)The assault was done in a voluntarily and intentionally manner by the defendant.

(Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee 2 Fed. Jury Prac. & Instr. § 24:03 (6th ed.))

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27

### (Forcibly Assaults-Defined)

The term "forcibly assaults" means any deliberate and intentional attempt or threat to inflict physical injury upon another with force or strength when that attempt or threat is coupled with an apparent present ability to do so. Although a "forcible assault" may be committed by a defendant without actually touching, striking, or doing bodily harm to another, the government must prove that the actions of the defendant were of such a nature to put the person against whom they are directed in fear of immediate bodily harm.

(Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee 2 Fed. Jury Prac. & Instr. § 24:08 (6th ed.))

## CERTIFICATE OF SERVICE

I hereby certify that on Oct 16, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to counsel for the defense.

_____/s/_____

Garland W Rowland
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703)299-3706
Fax: (703)299-3980
Email: garland.rowland@usdoj.gov